Filed 5/27/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re ALLISON B. et al., Persons Coming Under the Juvenile Court Law. | B315698 |
| _____ | (Los Angeles County Super. Ct. No. 18CCJP02986) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
|     Plaintiff and Respondent, | |
|     v. | |
| MARTHA M., | |
|     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robin R. Kesler, Judge Pro Tempore. Dismissed.

Linda J. Vogel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Dylan Roy, Deputy County Counsel, for Plaintiff and Respondent.

Martha M. (Mother) appealed from orders terminating her parental rights to three of her five children pursuant to Welfare and Institutions Code section 366.26. Her sole contention on appeal is that the Los Angeles County Department of Children and Family Services (DCFS) failed to comply with its duty under California law to inquire whether the children are Indian children within the meaning of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). DCFS filed a motion to dismiss the appeal based on post-appeal evidence that it has made the required inquiry and the appeal is now moot. We accept the evidence under Code of Civil Procedure section 909 and grant the motion to dismiss.

### FACTUAL AND PROCEDURAL HISTORY

This appeal concerns three of Mother's children: Allison B. (born December 2015), H.B. (born November 2016), and Jerry O. (born April 2018). Their father is J.B. (Father).

When the parents first appeared in the case—Mother in May 2018 and Father in August 2018—they filed Parental Notification of Indian Status forms (Judicial Council Forms, form ICWA-020 (rev. Jan. 1, 2008)) indicating that the children have no Indian ancestry.

Declarations submitted by two DCFS social workers filed in May and June 2018 state that the social workers had made "Indian child inquir[ies]" regarding the children and concluded that the children have "no known Indian ancestry." Our record does not indicate to whom social workers made the inquiries.

By May 2019, Father's whereabouts were unknown and social workers thereafter informed the court that they were unable to locate him.

2

Based on the parents' representations and the social workers' declarations, DCFS reported, and the court found, that ICWA does not apply.

On September 10, 2021, after a hearing held pursuant to Welfare and Institutions Code section 366.26, the court terminated Mother's and Father's parental rights to the children.

Mother filed her notice of appeal on October 7, 2021, and, at that time, was relieved of her appointed counsel in the juvenile court.

On January 21, 2022, Mother filed her opening brief on appeal. She argues that DCFS, in conducting its Indian child inquiries, failed to question "the many extended family members with whom [DCFS] had contact or could have had contact." In particular, she refers to the maternal grandparents, paternal grandmother, and unidentified paternal "cousins," as extended family members whom social workers could have contacted.

On March 3, 2022, DCFS, prior to filing its respondent's brief, filed a motion to dismiss the appeal on the ground that the appeal is moot. DCFS supported the motion with (1) evidence of a last minute information for the court (LMI), which DCFS filed in the juvenile court on February 14, 2022, and (2) minute orders the court issued on March 1, 2022. DCFS requested, and we granted, judicial notice of the documents.

The LMI is dated February 14, 2022 and signed by two DCFS social workers. It states the following: On January 26, 2022, a DCFS dependency investigator (DI) spoke with the maternal grandparents about possible Indian ancestry. Each grandparent stated that they had no knowledge that they or Mother have any Indian ancestry or that Mother is a member of an Indian tribe. The maternal grandmother said she had met her grandparents and great-grandparents, and that these relatives "never reported Native

3

American heritage or being registered with a [N]ative American tribe." On the same day, the DI also spoke to the paternal grandmother, who denied having any Indian ancestry and reported that she had no knowledge that Father has Indian ancestry or is a registered member of an Indian tribe. The paternal grandmother told the DI that she does not have a telephone number for Father and no way of locating him. Father does, however, come to visit the paternal grandmother sometimes, and she agreed to call the DI if Father comes to her home. The LMI further states that on January 27, 2022, the DI spoke with the incarcerated father of two of Mother's children, who are not subjects of this appeal.

In the March 1, 2022 minute orders, the court stated as to each child: "The court reviews today's LMI report and reviews [DCFS's] efforts made by reaching out to all relatives regarding any ICWA claims by [M]other and [F]ather. The court has no reason to know or believe that this is an Indian child as defined by [ICWA]. The provisions of ICWA are not applicable to this case as to both parents." According to the minute orders, the finding was made in connection with a "Non-Appearance Progress Report Hearing," and Mother was neither present nor represented by counsel.

After Mother filed her opposition to the motion to dismiss, we informed counsel that we are considering the motion, and we requested supplemental briefing to address the following questions: (1) Whether the parties would stipulate to a limited reversal and expedited remittitur; (2) Whether Mother disputed the factual statements in the LMI; (3) Whether Mother contests the juvenile court's conclusions in the March 1, 2022 order, and, if so, why; and (4) Whether, under Code of Civil Procedure section 909,[1] we may

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

consider the factual statements in the LMI. The parties have submitted, and we have read and considered, the requested briefs.

In her supplemental brief, Mother stated that she "would stipulate to a limited reversal and expedited remittitur." DCFS indicated that it "would be amenable to a conditional affirmance," but is opposed to a "limited reversal" because it "would serve no purpose other than delay." Mother further stated that she has no information with which to contest or affirm the truth of the matter asserted in the LMI and that she does contest the court's findings in the March 1, 2022 order. She further contends that the court should not consider additional evidence under section 909.

## DISCUSSION

Under section 909, "[i]n all cases where trial by jury is not a matter of right or where trial by jury has been waived, the reviewing court may make factual determinations contrary to or in addition to those made by the trial court. . . . The reviewing court may for the purpose of making the factual determinations or for any other purpose in the interests of justice, take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal, and may give or direct the entry of any judgment or order and may make any further or other order as the case may require. This section shall be liberally construed to the end among others that, where feasible, causes may be finally disposed of by a single appeal and without further proceedings in the trial court except where in the interests of justice a new trial is required on some or all of the issues."

Generally, the authority granted by section 909 "should be exercised sparingly" and only when "exceptional circumstances" are present. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405, italics omitted.) When, however, postjudgment evidence is offered to an appellate

5

court in support of a motion to dismiss a juvenile dependency appeal, it is "routinely consider[ed]" because, if the motion is granted, it will have "the beneficial consequence" of " 'expedit[ing] the proceedings and promot[ing] the finality of the juvenile court's orders and judgment.' " (*In re Josiah Z.* (2005) 36 Cal.4th 664, 676; see *In re A.B.* (2008) 164 Cal.App.4th 832, 843 [appellate courts may " 'accept evidence in dependency cases "to expedite just and final resolution for the benefit of the children involved" ' "]; accord, *In re K.M.* (2015) 242 Cal.App.4th 450, 456 (*K.M.*) [postjudgment evidence may "be used to show that the appeal, or an issue involved, is moot"].) Accordingly, we will consider the LMI as additional evidence in determining whether this appeal is moot.[2]

In her appellate brief, Mother points to Father's statements to a social worker in July 2018 that the paternal grandmother and "cousins" could help care for the children. Even if Mother is correct that social workers were required to inquire of the maternal grandparents and paternal grandmother as to whether the children are Indian children, the LMI indicates that DCFS did so, albeit belatedly, rendering any prior failure harmless. A DCFS DI spoke with the maternal grandparents, who reported that they had no knowledge that they or Mother have any Indian ancestry or that Mother is a member of an Indian tribe. The DI also spoke to the paternal grandmother, who denied having any Indian ancestry or knowledge that Father has Indian ancestry or is a registered member of an Indian tribe. Although Father had referred to unidentified "cousins" in 2018, his whereabouts are now apparently unknown and there is no reason to believe that such "cousins"

---

[2] Although DCFS further requests that we consider the juvenile court's March 1, 2022 minute orders under section 909, we decline to do so.

6

were readily available to DCFS for purposes of conducting the ICWA-related inquiry.  (See *In re A.M.* (2020) 47 Cal.App.5th 303, 323 [social workers are not required " 'to cast about' " for investigative leads to satisfy the duties of inquiry]; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744 [any failure to contact an extended family member is harmless when the person is not "readily available" to social workers]).  Indeed, in her opposition to the motion to dismiss and in her supplemental letter brief, Mother does not mention the cousins or suggest that the appeal should proceed based solely on the possibility that such cousins could be found, questioned, and produce information that would trigger further duties of inquiry or notice.

Mother contends that DCFS should have attempted to contact the children's *great*-grandparents.  Even ICWA's broad definition of "extended family member," however, does not include great-grandparents.  (25 U.S.C. § 1903(2).)

Mother further argues in her supplemental brief that the social worker should have asked Father for information to locate the paternal grandfather when she called "the Father" on January 27, 2022.  As DCFS points out, however, the person with whom the social worker spoke on that date was the father of children who are not the subject of this appeal.

Mother further contends that we cannot rely on the March 1, 2022 orders because Mother did not have counsel at the time the court made these findings, and Mother asserts that the court did not have jurisdiction to make such post-termination orders.  (See *K.M., supra*, 242 Cal.App.4th at p. 456.)  Our conclusion that the appeal is moot, however, is not based on findings in the court's March 1, 2022 orders.  We rely solely on the record and the LMI.  Moreover, we have addressed any due process concern in this context by considering Mother's opposition to the noticed motion

7

to dismiss and her supplemental brief, and by providing her, through her counsel, the opportunity for oral argument before this court, which she waived.

For all the foregoing reasons, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

CERTIFIED FOR PUBLICATION.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.

8